IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT GARLAND | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0601-L |
| | § | |
| MIKE HUNTER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Robert Garland, a Texas resident, against TXU Energy and Mike Hunter, a TXU employee. On March 26, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff to obtain additional information regarding the basis for federal subject matter jurisdiction. Plaintiff answered the interrogatories on April 9, 2010. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Although his pleadings are difficult to decipher, plaintiff appears to complain that TXU improperly billed his mother on her residential electricity account and refused to let plaintiff intervene in the dispute. (*See* Plf. Compl. at 1-3; Mag. J. Interrog. #1). Among the causes of action asserted by plaintiff against TXU and its claims manager, Mike Hunter, are identity theft, negligence, and violations of his rights to free speech and equal protection under the First and Fourteenth Amendments to the United States Constitution. (*See* Plf. Compl. at 1-3, Mag. J. Interrog. #1(b)). By this suit, plaintiff seeks $750,000 in damages from each defendant. (*See* Plf. Compl. at 4).

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

A.

Plaintiff has failed to allege a cognizable claim arising under federal law. Although plaintiff alleges that defendants violated his constitutional rights to free speech and equal protection, only "state actors" may be sued for federal civil rights violations. Private citizens, like defendants, become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). When asked to explain how TXU and its

claims manager "acted under color of state law," plaintiff failed to respond. (*See* Mag. J. Interrog. #4).[1] The court therefore determines that plaintiff has failed to meet his burden of establishing jurisdiction under 28 U.S.C. § 1331.

### B.

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff and both defendants are citizens of Texas. *See also Texas Commercial Energy v. TXU Energy, Inc.*, No. C-03-249, 2004 WL 1777597 at *2 (S.D. Tex. Jun. 24, 2004), *aff'd*, 413 F.3d 503 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1033 (2006) (observing that TXU is a citizen of Texas for diversity purposes). Thus, there is not complete diversity between the parties. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

### **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

---

[1] That TXU is a utility company regulated by the state does not bring its conduct within the purview of "state action." *See McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872 (5th Cir. 1976) (citing cases), *modified on other grounds*, 545 F.2d 919 (5th Cir. 1977).

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 14, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE